ERIC GRANT
United States Attorney
DHRUV M. SHARMA
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEDREK UPTON,<br><br>　　　　　Defendant. | 2:25-CR-00237-JAM<br><br>**STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTY (ECF No. 16)** |

The United States of America and defendant Jedrek Upton, through their counsel of record, hereby agree and stipulate as follows:

1.　On October 20, 2025, defendant Jedrek Upton was charged by Information with one count of wire fraud and one count of engaging in monetary transactions involving over $10,000 in criminally derived property. ECF No. 1. The Information contained a forfeiture allegation specifying the government's intent to forfeit real property located at 3115 Wise Road, Lincoln, California, Placer County, APN: 026-200-078-000 (hereinafter "the defendant property"), based on its involvement in the defendant's crimes. Id.

2.　On October 24, 2025, the United States filed the plea agreement reached between the parties, and defendant Jedrek Upton pleaded guilty to both counts. ECF No. 8. As part of the plea agreement, defendant Jedrek Upton forfeited the defendant property, acknowledging it was purchased with fraud proceeds. Id.

1

3. Defendant Jedrek Upton is the recorded owner of the real property, which is more fully described in Exhibit A.

4. The parties stipulate that no other persons or entities are believed to have an ownership interest in the defendant property, though the parties believe local governments have filed liens and/or encumbrances for non-payment of property taxes and utilities. The defendant property is also encumbered by a mortgage, which has been in default for several months due to non-payment.

5. The parties agree and hereby stipulate that an order should be entered granting an interlocutory sale of the defendant property as follows:

    a. The real property located at 3115 Wise Road, Lincoln, California, Placer County, APN: 026-200-078-000 will be marketed and sold by the U.S. Attorney's Office designee and/or the Internal Revenue Service – Criminal Investigation (the "Responsible Party"), in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. The Responsible Party shall review the preliminary title for the property and resolve all encumbrances and ownership claims prior to, or while in escrow, the sale of the real property.

6. The net proceeds from the sale of the defendant property will include all money realized from the sale of the real property, except for the following:

    a. Real estate commissions;
    b. Amounts due to the holder of any valid, superior lien which was recorded prior to the time the United States' *Lis Pendens* was recorded;
    c. Real estate property taxes which are due and owing;
    d. Insurance costs, if any;
    e. Title fees;
    f. HOA fees, if any;
    g. Escrow fees and expenses; and
    h. County transfer taxes.

7. All the net proceeds from the sale of the real property shall be deposited with the Internal Revenue Service – Criminal Investigation. Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

8. The United States agrees to execute a Notice of Withdrawal of Lis Pendens against the defendant property in connection with the above-entitled action, if necessary.

9. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

10. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the forfeiture and/or sale of the real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and/or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

11. The parties understand that the Responsible Party shall take custody of the defendant property and maintain it in the same condition and repair as existed on the date of the Court's filing of this Order, normal wear and tear excepted, until its custody, control, and responsibility have ceased upon the sale of the property. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance. The Responsible Party shall prepare the property for sale and complete any repairs and/or maintenance items that it deems reasonable to best market the property and maximize the sales price.

12. If the defendant property lacks insurance coverage, the Responsible Party shall place and maintain insurance policies for the defendant property, including hazard insurance to cover all buildings and other improvements that are now located on the defendant property until the interlocutory sale is completed.

13. Except as specifically provided herein, defendant Jedrek Upton shall not convey, transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the United States Attorney's Office, Eastern District of California.

14. All parties are to bear their own costs and attorneys' fees.

///

15. The Court shall maintain jurisdiction to enforce the terms of the Stipulation and Order Regarding Interlocutory Sale of Real Property.

IT IS SO STIPULATED

Dated: 11/19/2025                        ERIC GRANT
                                         United States Attorney

                                   By:   /s/ Kevin C. Khasigian
                                         DHRUV M. SHARMA
                                         KEVIN C. KHASIGIAN
                                         Assistant U.S. Attorneys


Dated: 11/19/2025                         /s/ Candice Fields
                                         CANDICE FIELDS
                                         Attorney for Defendant
                                         (Authorized by email)

**ORDER FOR INTERLOCUTORY SALE**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation re: interlocutory sale of the real property is **GRANTED**.

2. The real property located at 3115 Wise Road, Lincoln, California, Placer County, APN: 026-200-078-000, and more fully described in Exhibit A, will be sold pursuant to the terms set forth above.

3. The net proceeds from the sale of the real property will be substituted as the *res* herein and held by the Internal Revenue Service – Criminal Investigation, pending further order of the Court.

IT IS SO ORDERED.

Dated:  November 20, 2025

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

# Exhibit A

Real property located at 3115 Wise Road, Lincoln, California

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA IN COUNTY OF PLACER, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

PORTION OF PARCELS C AND D OF PARCEL MAP, FILED FOR RECORD SEPTEMBER 8, 1980, IN BOOK 17 OF PARCEL MAPS, PAGE 31, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID PARCEL D AND THE SOUTHEAST CORNER OF SAID PARCEL C; THENCE FROM SAID POINT OF BEGINNING THE FOLLOWING EIGHT (8) COURSES: (1) ALONG THE SOUTH LINE OF SAID PARCEL C, SOUTH 80° 50' 37" WEST, 91.12 FEET; THENCE (2) NORTH 00° 09' 50" WEST, 698:50 FEET; THENCE (3) NORTH 89° 15' 27" EAST 90.00 FEET TO A POINT ON THE LINE COMMON TO SAID PARCELS C AND D; THENCE (4) NORTH 89° 15' 27" EAST 90.00 FEET; THENCE (5) NORTH 00° 09' 50" WEST 691.83 FEET TO A POINT ON THE NORTH LINE OF SAID PARCEL D, ALSO BEING A POINT ON THE NORTH LINE OF THE SOUTHEAST QUARTER OF SAID SECTION 31; THENCE (6) ALONG THE NORTH LINE OF SAID PARCEL D AND ALONG THE NORTH LINE OF SAID SECTION 31, NORTH 89° 15' 27" EAST 227.81 FEET TO THE NORTHEAST CORNER OF SAID PARCEL D; THENCE (7) ALONG THE EAST LINE OF SAID PARCEL D, SOUTH 00° 32' 03" EAST 1327.93 FEET TO THE SOUTHEAST CORNER OF SAID PARCEL D; THENCE (8) ALONG THE SOUTH LINE OF SAID PARCEL D, SOUTH 80° 50' 37" WEST 330.43 FEET, TO THE POINT OF BEGINNING.

PARCEL TWO:

A NON-EXCLUSIVE EASEMENT FQR ROADWAY, DRAINAGE, PUBLIC AND PRIVATE PURPOSES OVER, UNDER AND ACROSS THAT PORTION OF PARCEL A, INCLUDED WITHIN THE BOUNDARIES OF THE LAND SHOWN AND DESIGNATED AS AREA "M" ON PARCEL MAP NO. 73708, FILED FOR RECORD ON SEPTEMBER 8, 1980, IN BOOK 17 OF PARCEL MAPS, PAGE 31.

EXCEPTING THEREFROM THAT PORTION LYING WITHIN PARCEL ONE ABOVE.

APN: 026-200-078-000