ERIC GRANT
United States Attorney
DHRUV M. SHARMA
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:25-cr-00237-JAM |
| Plaintiff, | ***SECOND* STIPULATION AND ORDER RE INTERLOCUTORY SALE OF 3115 WISE ROAD, LINCOLN, CALIFORNIA; APPOINTING SHELLPOINT AS RESPONSIBLE PARTY** |
| v. | |
| JEDREK UPTON, | |
| Defendant. | |

The United States and defendant Jedrek Upton previously agreed and stipulated to liquidate and forfeit the real property located at 3115 Wise Road, Lincoln, California (the "Defendant Property") as proceeds of his fraud and money laundering crimes.  The Order approving the sale contemplated the United States designating a Responsible Party to take custody of the Defendant Property and manage the marketing efforts and ultimate sale.  The United States and Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") hereby agree and stipulate that Shellpoint shall cooperate with and assist the United States as the Responsible Party, as that term is given meaning in the Order.[1]

To further facilitate the sale of the Defendant Property, the United States and Shellpoint, agree and stipulate as follows:

1.      The Defendant Property is 3115 Wise Road, Lincoln, California, APN: 026-200-078-000,

_____

[1] The Order authorizing the Interlocutory Sale is fully incorporated by this reference.

1

*Second* Stipulation and Order for Interlocutory Sale

owned by Defendant Jedrek Upton.  Shellpoint is the loan servicer for the owner of a Mortgage Loan (the "Loan") that was used to fund Upton's purchase of the Defendant Property.  The Loan is secured by a senior and perfected deed of trust encumbering the Defendant Property and has an outstanding balance of approximately $2 million.  Shellpoint's Loan is currently in payment default.

2.    United States appoints Shellpoint to sell the Defendant Property and upon entry of an order granting this Stipulation, Shellpoint shall list the Defendant Property for sale and shall have sole power and authority, subject to review and approval by the United States Attorney's Office to: (a) select the means of sale, including sale by internet or through a licensed real estate broker, (b) set and adjust the sale price and terms using its business judgment, and (c) market and sell the Defendant Property.  The United States Attorney's Office has exclusive authority to approve the closing statement for the Defendant Property, on the timing set forth below.  Shellpoint's request for the United States Attorney's Office approval shall be made by e-mail to Kevin.Khasigian@usdoj.gov and Dhruv.Sharma@usdoj.gov, and the USAO's approval shall not be unreasonably delayed or withheld.  In the event the United States Attorney's Office fails to approve or disapprove Lienholder's request for approval within 48 hours of the request being made, said request for approval shall be deemed automatically approved.

3.    Shellpoint has no obligation to make any repair, perform any maintenance, insure, or construct or install any alteration, addition, modification, and/or improvement (collectively, "Improvements") to the Defendant Property.  Shellpoint may repair, perform any maintenance, procure any necessary insurances, or construct or install any Improvements to the Defendant Property in any manner it chooses and in its sole and absolute discretion.

4.    Shellpoint appoints Nick Sadek, a licensed real estate professional in California, as its real estate broker to rehab, repair, market, and sell the Defendant Property pursuant to the terms and conditions of this Stipulation and may also engage other local contractors, vendors, or real estate brokers in the ordinary course of business who shall be engaged pursuant to and consistently with the authority and approval requirements in paragraph 2 and 3.

5.    Shellpoint shall instruct the escrow officer to wire all the net proceeds from the sale of the Defendant Property to the U.S. Attorney's Office, Eastern District of California, to obtain specific wiring instructions.

*Second* Stipulation and Order for Interlocutory Sale

6.    The Net Proceeds from the sale of the Defendant Property will include all money realized from the sale of the Defendant Property, except for the following:

a.    costs of the purchase and sale, defined as the closing costs associated and incidental to the purchase and sale of the Defendant Property, including but not limited to, commissions, appraiser fees, Improvements, pest control costs, excise, transfer, or other taxes incurred by the seller in connection with the disposition of the Defendant Property, recording fees, title insurance premiums, escrow and title fees, legal fees, notary fees, and survey costs and expenses;

b.    The mortgage indebtedness owed to Shellpoint that is secured against the Defendant Property ("Mortgage Indebtedness") shall be paid at the close of escrow; provided, however, the parties agree that: any accrued and unpaid interest on the principal, late fees, penalties, liquidated damages, attorneys' fees, and costs in connection therewith due and owing as of closings of the applicable property will be calculated using the simple interest rate for the note, not the default interest rate or any other rate exceeding the core loan rate as set forth in the promissory note.

c.    Real estate property taxes which are due and owing;

d.    Commercially reasonable and actual costs and expenses incurred by Shellpoint to repair or maintain the Defendant Property prior to the sale of the same, or construct or install any Improvements at the Defendant Property that are intended to increase the fair market value of the property.

7.    The remaining net proceeds from the sale of the Defendant Property shall be wired to the U.S. Marshals Service to be deposited in the Seized Asset Deposit Fund.  Said proceeds will be substituted as the *res* in this action, Case No. 2:25-cr-00237-JAM, and held pending further order of the Court.  At the close of escrow of the Defendant Property, the United States shall withdraw its *lis pendens* against the Defendant Property.

8.    No claimant shall take an action or cause any other person to take any action, to damage or modify the Defendant Property from their present condition or other action that may result in a reduction in value of the Defendant Property.

9.    The parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the Defendant Property.  This is a full and final release applying to all unknown and unanticipated injuries,

*Second* Stipulation and Order for Interlocutory Sale

and/or damages arising out of said posting or sale, as well as to those now known or disclosed.  The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must  have  materially  affected  his or her settlement with the debtor.

10.    The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation, including grant deeds, purchase agreements, and documents required by any title insurer and escrow company.

11.    Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to the terms of the Stipulation.

12.    Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals.  All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

13.    This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

14.    Each party represents that they understand the content of this Stipulation and enters into it voluntarily and has not been influenced by any person acting on behalf of any other party.

15.    Pending the sale of the Defendant Property, and the disposition of the proceeds, this Court shall maintain jurisdiction to enforce the terms of this Stipulation.

16.    The interlocutory sale of the Defendant Property and this Stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the Defendant Property.  The parties agree to file a stipulation to conclude the civil action involving the Defendant Property, Case No. 2:24-cv-01528-WBS-JDP.

17.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall be taken together and deemed to be one instrument.  This Stipulation may also be executed and delivered by facsimile signature, PDF, or any electronic signature complying with the U.S. federal ESIGN Act of 2000.

*Second* Stipulation and Order for Interlocutory Sale

IT IS SO STIPULATED

Dated:  03/30/2026                                    ERIC GRANT
                                                     United States Attorney

                                                     /s/ Kevin C. Khasigian
                                                     KEVIN C. KHASIGIAN
                                                     DHRUV M. SHARMA
                                                     Assistant U.S. Attorneys


Dated:  03/30/2026                                    /s/ Jonathan C. Cahill
                                                     IAN A. RAMBARRAN
                                                     JONATHAN C. CAHILL
                                                     Attorneys for Claimant
                                                     Newrez LLC dba Shellpoint Mortgage Servicing, as
                                                     loan servicer and attorney-in-fact for U.S. Bank
                                                     National Association, but solely as a trustee on
                                                     behalf of GCAT 2022-NQM4 Trust
                                                     **[2:26-mc-00034-JAM-AC]**

5

*Second* Stipulation and Order for Interlocutory Sale

## ORDER FOR INTERLOCUTORY SALE

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. The second stipulation regarding interlocutory sale of the Defendant Property is granted.

2. Shellpoint shall cooperate with and assist the United States as the Responsible Party, as that term is given meaning in the Order granting the Interlocutory Sale [ECF No. 17]. Nick Sadek shall market and sell the Defendant Property pursuant to the terms and conditions of this Stipulation.

3. The net proceeds from the sale of the Defendant Property will be substituted as the *res* herein and held by the U.S. Marshals Service, pending further order of the Court.

IT IS SO ORDERED.

Dated: April 08, 2026

_____

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

6

*Second* Stipulation and Order for Interlocutory Sale